IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL STEVEN GUZMAN DIAZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:25-cv-3008-X-BN |
| | § | |
| KRISTI NOEM, Secretary, U.S. | § | |
| Department of Homeland Security, | § | |
| ET AL., | § | |
| | § | |
| Respondents. | § | |

**ORDER REQUIRING SERVICE AND SETTING
EXPEDITED BRIEFING SCHEDULE**

Petitioner Michael Steven Guzman Diaz, with the assistance of counsel, filed this habeas action under 28 U.S.C. § 2241 on November 4, 2025 [Dkt. No. 1], after he was allegedly taken into custody by United States immigration officials in Dallas, Texas in October of 2025. *See* Dkt. No. 1 at 13.

It appears, in sum, that Guzman Diaz challenges immigration officials' changing his custodial status (from under 8 U.S.C. § 1226(a) to under 8 U.S.C. § 1225(b)(2)), thereby making detention mandatory and rendering him ineligible for an individualized bond determination, and his current detention associated with that change. *See generally* Dkt. No. 1.

United States District Brantley Starr referred this habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 2.

The undersigned has reviewed the filings in this case and has determined that

service and an expedited response from the United States Attorney's Office is required.

The Court therefore requests that the Clerk of Court electronically serve a copy of this order, together with a copy of the petition and its attachments, if any, on the United States Attorney for the Northern District of Texas.

The United States Attorney's Office, on behalf of Respondents, must file, by **November 17, 2025**, an answer, motion, or other response to the petition (the "Response").

And Petitioners may submit a reply brief to the Response by **November 21, 2025**. Any reply filed must be limited to the arguments raised in the Response and shall not include any new allegations of fact or new grounds for relief.

The undersigned further observes that a recent decision from another federal district in Texas may be potentially persuasive as to the disposition of Petitioners' claims. *See Lopez-Arevelo v. Ripa*, ___ F. Supp. 3d ___, No. EP-25-CV-337-KC, 2025 WL 2691828 (W.D. Tex. Sept. 22, 2025) (also cataloguing other recent decisions tackling the "new, expansive interpretation of mandatory detention under the INA" announced by *In re: Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)).

SO ORDERED.

DATED: November 7, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE